LINDA C. ALLISON
Chief Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Attorney for Defendant
XAVIER GONZALEZ-GARCIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:15-cr-0187 DB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER ON DEFENDANT'S EX PARTE REQUEST FOR ISSUANCE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE |
| XAVIER GONZALEZ-GARCIA, | ) | |
| Defendant. | ) | |

The above-entitled action is before the court on defendant Gonzalez-Garcia's ex parte request for subpoena to produce documents, information, or objects in a criminal case pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

The amended probation revocation petition charges defendant with violation of his probation through an arrest on May 20, 2016 in Placer County, in Placer County, for violation of Cal. Penal Code § 647(f) – Disorderly Conduct: under the influence of any drug. The probation revocation hearing is scheduled for November 15, 2016.

According to information provided by Defendant's counsel, the Defendant was detained by the Placer County Sherriff's Department after getting lost and confused while hiking. He told police that he "dropped acid" and was released from custody several hours later. The Federal Public Defender's investigator contacted the Placer County Sherriff's Office and requested defendant's booking information. However, the Sherriff's Department informed her that she

would need to file a subpoena in order to obtain the information.  The Federal Public Defender does not believe that the United States Attorney's Office has the booking information because it was not produced in discovery.

By the ex parte request, dated October 4, 2016, defendant seeks the issuance of a subpoena to the Placer County Sherriff's Department for any and all booking documents for defendant from May 20, 2016.  Defendant argues that because the request goes to the nature of his defense and investigation, the filing of the requests ex parte and under seal is appropriate. See United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997).

## SEALING REQUEST

As noted, defendant submitted the subpoena ex parte and asked that it, and any order issued in response thereto, be filed under seal.  "The weight of authority disfavors ex parte applications under Rule 17(c)[.]"  Id.  However, where a defendant seeks to serve a pre-trial subpoena on a third party and cannot make the required showing without revealing trial strategy, the Rule provides for the availability of ex parte applications.  Id.  Here, the violation defendant is charged with is his arrest by the Placer County Sherriff's Department; receipt of the booking information concerning that arrest does not reveal defense strategy in a specific way that would tip off the prosecution.  Defendant's request does not provide the court with details as to what specifically would be revealed to the prosecution.  The court finds this insufficient to justify sealing the order, so the request is denied.

## REQUESTED RULE 17(C) SUBPOENA

Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena. United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 495 (9th Cir. 1989).  A Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." United States v. George, 883 F.2d 1407, 1418 (9th Cir. 1989) (quoting Nixon, 418 U.S. at 698)).  Thus, there must be a substantial foundation for the movant's belief that the requested material will be relevant and admissible. United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984).  In meeting the specificity requirement, the movant must request specific documents and not entire categories of files since

Rule 17(c) was not intended to "allow a blind fishing expedition seeking unknown evidence." United States v. Reed, 726 F.2d at 577 (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)).

Here, defendant was detained for several hours by the Placer County Sherriff's Department on May 20, 2016. This arrest is the direct reason he is being charged with a probation violation. Thus, defendant argues that these documents are relevant to the upcoming probation revocation hearing. Defendant applied due diligence to obtain he documents, but the Sherriff's Department would not produce them without a subpoena. The court finds that counsel's request satisfies the requirement of a showing of relevancy, admissibility, and specificity. See Nixon, 418 U.S. at 700; Komisaruk, 885 F.2d at 495; Reed, 726 F.2d at 577. Accordingly, the Rule 17(c) subpoena calling for the production of the any and all booking documents for defendant from May 20, 2016 will be issued.

## CONCLUSION

For the reasons outlined above, IT IS HEREBY ORDERED that defendant's ex parte request for the issuance of a subpoena pursuant to Fed. R. Crim. P. 17(c) is GRANTED IN PART AND DENIED IN PART. The subpoena proposed by defense counsel with the ex parte request will be issued; however, this order will be filed publicly on the docket in this case.

Dated:  November 10, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:10
DLB1 / DUTY.ORDERS / 15cr0187.17c.subpoena